UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SCOTT T. COLLINS,

          Plaintiff,

  v.

BRIAN SMITH, et al.,

          Defendants.

CASE NO. C23-5022 BHS

ORDER

This matter comes before the Court on Plaintiff Scott T. Collins' Motion to Remand, Dkt. 12.

Collins sued four City of Port Angeles employees, Brian Smith, Nathan West, Kari Martinez-Bailey, and Carla Jacobi, in Clallam County Superior Court alleging violations of Washington's Public Records Act, the Washington State Constitution, the Port Angeles Municipal Code, other Washington laws and administrative codes, the Administrative Procedures Act, and the United States Constitution. *See generally* Dkt. 1-1. Defendants timely removed the case to this Court. Dkt. 1.

Collins moves to remand the case, arguing that this Court lacks jurisdiction to adjudicate state law claims, that his complaint does not assert federal claims, and that any

ORDER - 1

federal defense that Defendants intend to assert is insufficient to make removal proper. Dkt. 12. Defendants respond that Collins' complaint raises federal questions, over which this Court has original jurisdiction under 28 U.S.C. § 1331, and that the Court has supplemental jurisdiction over Collins' state law claims under 28 U.S.C. § 1367. Dkt. 17. Collins replies that he filed an amended complaint in state court before this case was removed, that his amended complaint has not been filed in this Court, and that his amended complaint asserts only state law claims. Dkt. 18.

"A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing 28 U.S.C. § 1441). The burden of establishing removal jurisdiction lies with the party asserting federal jurisdiction. *Id.* District courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. District courts have supplemental jurisdiction over claims that are so related to the claims over which the court has original jurisdiction "that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

Defendants previously conceded that Collins' amended complaint is the operative complaint. *See* Dkt. 14 at 2. It appears that Defendants intended to file that amended complaint at Dkt. 2, Ex. J, however there is no Exhibit J, and the amended complaint is not attached. The Court is therefore unable to review what both parties contend is the operative complaint in this case. Defendants were required to file the operative complaint with the notice of removal. Local Rules, W.D. Wash. LCR 101(b)(1).

1     The Court agrees with Defendants that removal would have been proper if based on Collins' original complaint, Dkt. 1-1. Nevertheless, the Court's jurisdiction depends on the claims asserted in Collins' operative complaint; if the federal claims have been removed, this Court lacks jurisdiction. *See Garibaldi v. Lucky Food Stores, Inc.*, 726 F.2d 1367, 1370 (9th Cir. 1984) ("The plaintiff is the master of his or her own complaint and is free to ignore the federal cause of action and rest the claim solely on a state cause of action.").

    The Court therefore **RESERVES RULING** on Collins' Motion to Remand, Dkt. 12. Defendants are **ORDERED** to file Collins' operative complaint by **March 31, 2023**. The parties shall not file any additional briefing; the Court will decide Collins' motion based on the existing briefing and the operative complaint. The Clerk shall **RENOTE** Collins' motion to the Court's March 31, 2023 calendar.

    Dated this 20th day of March, 2023.

BENJAMIN H. SETTLE
United States District Judge