
# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| SCOTT T. COLLINS,<br><br>    Plaintiff,<br><br>    v.<br><br>BRIAN SMITH, et al.,<br><br>    Defendant. | CASE NO. C23-5022 BHS<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |

This matter comes before the Court on Plaintiff Scott T. Collins' Motion to Remand, Dkt. 12.

Collins originally sued four City of Port Angeles employees, Brian Smith, Nathan West, Kari Martinez-Bailey, and Carla Jacobi, in Clallam County Superior Court alleging violations of Washington's Public Records Act, the Washington State Constitution, the Port Angeles Municipal Code, other Washington laws and administrative codes, the Administrative Procedures Act, and the United States Constitution. *See generally* Dkt. 1-1. Defendants timely removed the case to this Court. Dkt. 1. Prior to removal, Collins amended his complaint, purporting to add the City of Port Angeles as a defendant and limiting his claims. *See* Dkt. 20-1.

ORDER - 1

1     Collins moves to remand, arguing that this Court lacks jurisdiction to adjudicate
2 state law claims, that his complaint does not assert federal claims, and that any federal
3 defense that Defendants intend to assert is insufficient to make removal proper. Dkt. 12.
4 Defendants respond that Collins' complaint raises federal questions, over which this
5 Court has original jurisdiction under 28 U.S.C. § 1331, and that the Court has
6 supplemental jurisdiction over Collins' state law claims under 28 U.S.C. § 1367. Dkt. 17.
7 Collins replies that he filed an amended complaint in state court before this case was
8 removed, that his amended complaint has not been filed in this Court, and that his
9 amended complaint asserts only state law claims. Dkt. 18.

10     Defendants previously conceded that Collins' amended complaint is the operative
11 complaint, *see* Dkt. 14 at 2, but failed to file it upon removal. The Court therefore ordered
12 Defendants to file Collins' amended complaint, Dkt. 19, and they did so, Dkt. 20.

13     "A defendant may remove an action to federal court based on federal question
14 jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042
15 (9th Cir. 2009) (citing 28 U.S.C. § 1441). The burden of establishing removal jurisdiction
16 lies with the party asserting federal jurisdiction. *Id.* District courts have federal question
17 jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the
18 United States." 28 U.S.C. § 1331. District courts have supplemental jurisdiction over
19 claims that are so related to the claims over which the court has original jurisdiction "that
20 they form part of the same case or controversy." 28 U.S.C. § 1367(a).

21     The Court agrees that Collins' original complaint states federal claims.
22 Nevertheless, the Court's jurisdiction depends on the claims asserted in Collins'

*operative* complaint. *Ramirez v. Cnty of San Bernardino*, 806 F.3d 1002, 1008 ("It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent." (internal quotations omitted)). Collins' amended complaint does not state any federal cause of action. He appears to bring claims under only Washington's Public Records Act, "[a]dministrative and [s]tatutory [d]uties," and the Washington Constitution. Dkt. 20-1 at 2. Nothing on the face of Collins' operative complaint suggests any federal question exists in this case.

Therefore, it is hereby **ORDERED** that Plaintiff Scott T. Collins' Motion to Remand, Dkt. 12, is **GRANTED**. The Clerk shall **REMAND** this matter to Clallam County Superior Court and close this case.

Dated this 21st day of March, 2023.

BENJAMIN H. SETTLE
United States District Judge